# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| PETER MORALES #18444-280 | § | |
| | § | |
| V. | § | A-10-CA-013-LY |
| | § | |
| UNITED STATES MARSHALLS | § | |
| SERVICE AUSTIN, DIVISION | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

To: The Honorable Lee Yeakel, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court is Plaintiff's complaint. Plaintiff, proceeding pro se, has paid the full filing fee for this case.

## STATEMENT OF THE CASE

At the time he filed his civil rights complaint, Plaintiff was confined in FMC Butner. According to Plaintiff, he was arrested on February 2, 2009, by ATF agents. Subsequently, he was ordered detained and was remanded to the custody of the United States Marshal's Service, which placed him in the Guadalupe County Jail. Plaintiff complains his rights were violated at the jail. Later, he alleges he was transferred to the Bastrop County Jail, where he was assaulted by a sergeant and by a state inmate. Plaintiff asserts the United States Marshal's Service failed to protect him from excessive force, assault and battery. Plaintiff contends he should never have been held in a county

facility, the United States Marshal's Service failed to properly supervise the county facilities, and his grievances directed to the United States Marshal's Service were ignored.

## DISCUSSION AND ANALYSIS

Although Plaintiff paid the full filing fee for this case, his claims must be screened pursuant to 28 U.S.C. § 1915A. On review, the Court must dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. See Martin v. Scott, 156 F.3d 578 (5th Cir. 1998).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594 (1972). However, the plaintiff's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986). The law is clear that Plaintiff's claims for alleged constitutional violations against the United States or the Marshal's Service are barred by the doctrine of sovereign immunity. Correctional Servs. Corp. v. Malesko, 534 U.S. 61, 71-72, 122 S. Ct. 515, (2001); FDIC v. Meyer, 510 U.S. 471, 486, 114 S. Ct. 996 (1994) (finding there is no direct cause of action for damages against a federal agency because of sovereign immunity); Sheid v. U.S. Marshal Service, No. H-08-CV-3295, 2009 WL 1750379 (S.D. Tex. June 17, 2009) (holding USMS is protected by sovereign immunity). Moreover, Plaintiff does not have a federally protected interest in having grievances resolved to his satisfaction. Geiger v. Jowers, 404 F.3d 371 (5th Cir. 2005). Additionally, a prisoner does not have the constitutional guarantee to be placed in a particular prison or to prevent his transfer to another prison. Meachum

v. Fano, 427 U.S. 215, 224-5, 96 S. Ct. 2532 (1976). See also Tighe v. Wall, 100 F.3d 41, 42 (5th Cir. 1996) ("A prisoner has no constitutionally protected interest in a particular facility."); Young v. Quinlan, 960 F.2d 351, 358 n. 16 (3d Cir.1992) (citing Olim v. Wakinekona, 461 U.S. 234, 245 (1983)) (holding that a prisoner has no reasonable expectation of being incarcerated in a particular prison)).

## RECOMMENDATION

It is therefore recommended that Plaintiff's complaint be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e).

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff should be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within ten days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. <u>Douglass v. United Servs. Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en</u> <u>banc</u>); <u>Thomas v. Arn</u>, 474 U.S. 140, 148 (1985); <u>Rodriguez v. Bowen</u>, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 5th day of March, 2010.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE